FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 25, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SAMANTHA T., O/B/O DAVID C., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:19-CV-03184-RHW <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 11 & 12.  Plaintiff brings this action seeking judicial review of the Commissioner's final decision denying her father's applications for Social Security Disability Insurance under Title II and Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 401-434, 1381-1383f.  After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed.  For the reasons set forth below, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment, **DENIES** Defendant's Motion for

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 1

Summary Judgment, and **REMANDS** the matter back to the Commissioner for additional proceedings.

### I.      Jurisdiction

The Decedent filed applications for Social Security Disability Insurance and Supplemental Security Income on November 20, 2015.  AR 78-79.  He alleged a disability onset date of November 1, 2007 on the Supplemental Security Income application, AR 219, and a disability onset date of December 31, 2013 on the Disability Insurance Benefits application, AR 228, which he later amended to January 22, 2014, AR 235.  The Decedent's applications were initially denied on February 5, 2016, AR 108-11, and on reconsideration on April 11, 2016, AR 118-25.

Administrative Law Judge ("ALJ") Cynthia D. Rosa held a hearing on February 22, 2018, but the Decedent did not attend and his counsel stated that he could not be reached.  AR 33-36.  The hearing was postponed.  *Id*.  It later became known that he had died on February 19, 2018.  AR 478.  The Decedent's daughter became the substitute party, and hereinafter referred to as Plaintiff.  AR 203.  The ALJ held a second hearing on July 3, 2018.  AR 38-52.  Plaintiff amended the alleged onset date to November 5, 2015.  AR 41.  The ALJ heard testimony from Plaintiff and vocational expert Richard Hinks.  AR 38-52.  On July 24, 2018, the ALJ issued a decision finding the Decedent ineligible for disability benefits.  AR

15-27.  The Appeals Council denied Plaintiff's request for review on June 17, 2019.  AR 1-5.  Plaintiff sought judicial review by this Court on August 9, 2019.  ECF No. 1.  Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).  This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations.  20 C.F.R. §§ 404.1520(a), 416.920(a).  If the claimant cannot engage in his previous occupations, the ALJ proceeds to step five and the burden shifts to the

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 3**

1  Commissioner to demonstrate that (1) the claimant is capable of performing other
2  work; and (2) such work exists in "significant numbers in the national economy."
3  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 388-
4  89 (9th Cir. 2012).

### III. Standard of Review

6   A district court's review of a final decision of the Commissioner is governed
7  by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the
8  Commissioner's decision will be disturbed "only if it is not supported by
9  substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,
10 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than
11 a mere scintilla but less than a preponderance; it is such relevant evidence as a
12 reasonable mind might accept as adequate to support a conclusion." *Sandgathe v.*
13 *Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quoting *Andrews v. Shalala*, 53 F.3d
14 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining
15 whether the Commissioner's findings are supported by substantial evidence, "a
16 reviewing court must consider the entire record as a whole and may not affirm
17 simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc.*
18 *Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879
19 F.2d 498, 501 (9th Cir. 1989)).

20

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 4**

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

### IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. The Decedent was 46 years old at the amended date of onset. AR 219. At application, the Decedent alleged that the following conditions limited his ability to work: mental disability; partial lung capacity; and neck injuries. AR 263. The highest grade the Decedent completed was the eleventh grade in 1988. AR 264. At the time of application, the Decedent stated that he had previously worked as a laborer for general contractors and as an off bearer/green chain in logging. AR 264. The Decedent reported that he stopped working on January 22, 2014 because of his conditions. AR 263.

## V. The ALJ's Findings

The ALJ determined that the Decedent was not under a disability within the meaning of the Act from the alleged date of onset, November 5, 2015, through the date of his death. AR 15-27.

**At step one**, the ALJ found that the Decedent had not engaged in substantial gainful activity since the amended date of onset. AR 17 (citing 20 C.F.R. §§ 404.1571, 416.971 *et seq*.).

**At step two**, the ALJ found that the Decedent had the following severe impairments: status post thorascopic surgery with wedge resection and apical blebectomy due to spontaneous pneumothorax; chronic restrictive airways disease; mild cervical degenerative disc disease; compression deformity at C5 and slight spurring at the C4-6 levels; major depressive disorder; alcohol use disorder; amphetamine use disorder; and cannabis use disorder. AR 18 (citing 20 C.F.R. §§ 404.1520(c), 416.920(c)).

**At step three**, the ALJ found that the Decedent did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 18 (citing 20 C.F.R. §§ 404.1520(d), 416.920(d)).

**At step four**, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform a work at the light exertional level with the following

limitations: "he could frequently climb ramps and stairs; he could occasionally reach overhead bilaterally; he could do simple, routine tasks with occasional superficial contact with coworkers and the general public; he should have avoided concentrated exposure to fumes, gases, dust, odors, and hazards." AR 20 (citing 20 C.F.R. §§ 404.1567(b), 416.967(b)). The ALJ found that the Decedent was unable to perform his past relevant work. AR 25.

**At step five**, the ALJ found that, in light of his age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that the Decedent could perform, including the jobs of office cleaner, laundry sorter, and bus person. AR 26. Based on this step five determination, the ALJ found that the Decedent had not been under a disability, as defined in the Act, from November 5, 2015, through the date of his death. AR 27 (citing 20 C.F.R. §§ 404.1520(g), 416.920(g)).

## VI.   Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues that the ALJ erred by: (1) failing to properly weigh the medical opinion evidence; (2) failing to properly weigh her testimony; (3) failing to fully credit the Decedent's allegations; and (4) failing to make a proper step five determination. ECF No. 11.

//

## VII. Discussion

### A. Medical Opinion Evidence

Plaintiff challenges the weight the ALJ gave to the medical opinions of Daniel McCabe, M.D., Melanie Mitchell, Psy.D., Rebecca Nelson, ARNP, and the non-examining State agency sources. ECF No 11 at 5-12.

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

### A. Daniel McCabe, M.D.

On November 5, 2015, Dr. McCabe completed a Psychological/Psychiatric Evaluation and diagnosed the Decedent with major depression, rule out

posttraumatic stress disorder, and rule out primary psychotic disorder. AR 405-08. He opined that the Decedent had a marked limitation in the abilities to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision, to communicate and perform effectively in a work setting, to maintain appropriate behavior in a work setting, and to complete a normal work day and work week without interruptions from psychologically based symptoms. AR 407. He further opined that the Decedent had a moderate limitation in the abilities to understand, remember, and persist in tasks by following very short and simple instructions, to understand, remember, and persist in tasks by following detailed instructions, to learn new tasks, to perform routine tasks without special supervision, to adapt to changes in a routine work setting, to make simple work-related decisions, to be aware of normal hazards and to take appropriate precautions, and to set realistic goals and plan independently. *Id*. He assigned his opinion a duration of twenty-four months. *Id*.

The ALJ found the opinion to be "not very persuasive" and assigned it little weight for four reasons: (1) Dr. McCabe did not explain the limitations in his report; (2) the limitations seem inconsistent with Dr. McCabe's observations; (3) the opinion seems inconsistent with the limited course of mental health treatment the Decedent received; and (4) the opinion seems inconsistent with the Decedent's activities of daily living.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 9

The parties appear to agree that the opinion is contradicted by the opinions of the State agency sources. ECF Nos 11 at 5, 12 at 6-7. Therefore, the ALJ was required to provide specific and legitimate reasons for rejecting Dr. McCabe's opinion. *Lester*, 81 F.3d at 830-31.

The ALJ's first reason for rejecting Dr. McCabe's opinion, that Dr. McCabe did not explain the limitations in his report, is not specific and legitimate. Defendant argues that the ALJ's reason is valid under *Meanel v. Apfel*, (9th Cir. 1999). ECF No. 11 at 6. The Court rejects the argument. In *Meanel*, the Court affirmed the ALJ's rejection of Dr. Manos' opinion that the claimant "experienced *some* diminution in her concentration skills" because the opinion failed to discuss the "extent or significance" of the decreased concentration. *Meanel* at 1114. In contrast, the ALJ in this case simply noted the doctor "did not explain the limitations in his report." AR 21-22. Dr. McCabe's opinion is expressed in terms of specific functional limitations nearly identical to the forms completed by the state agency medical consultants, which the ALJ gave more weight. *See* AR 24, 61-62, 88-89. Therefore, the opinion was not vague, but fell in accord with the forms used by the Social Security Administration.

The ALJ's second reason for rejecting Dr. McCabe's opinion, that the limitations seem inconsistent with his observations, is not specific and legitimate. An ALJ may cite internal inconsistencies in evaluating a physician's report.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 10

1  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  Here, the ALJ found that the opined limitations "seem inconsistent with the observations of intact and [*sic*] memory and concentration from the mental status examination."  AR 25.  The mental status exam did find that the Decedent was able to follow a three-step command and do serial 7 subtraction and intact memory.  AR 408.  However, the ALJ failed to state what portion of the opinion seemed inconsistent with these findings.  The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings.  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct."  *Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir. 1988).

The ALJ's third reason for rejecting Dr. McCabe's opinion, that it seems inconsistent with the limited course of mental health treatment the Decedent received, is not specific and legitimate.  The Ninth Circuit has found that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation."  *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 11

The ALJ's fourth reason for rejecting Dr. McCabe's opinion, that it seems inconsistent with the Decedent's activities of daily living, is not specific and legitimate. A claimant's testimony about his daily activities may be seen as inconsistent with the presence of a disabling condition. *See Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990). Here, the ALJ found that the Decedent's activities, "such as doing odd jobs for others, which requires some ability to communicate, maintain appropriate behavior, and complete activities," was inconsistent with the opinion. When asked about his activities of daily living, the Decedent reported the following:

> Sporadic meals, generally fast food. He has showed the last couple of days because he stayed at his brother's but has gone a month without showering. He hasn't brushed his teeth in a few months. He states his hygiene is very poor which is not normal for him. He is not hungry and in general he just doesn't care. He is mostly spending his days hiking in the woods trying to find quiet places.

AR 406. When asked about his work history, he stated that he "is working some side jobs doing some yard work, helping older people with chores around their houses." *Id*. However, the ALJ failed to state how the opinion that the Decedent had marked limitations in the abilities to communicate, maintain appropriate behavior, and complete activities was inconsistent the Decedent's report of odd jobs. The Decedent did not state the frequency of the odd jobs or the time it took him to complete the activities. "[M]any home activities are not easily transferable

to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989). Therefore, this falls short of the specific and legitimate standard under *Embrey*.

In conclusion, the ALJ erred in her rejection of Dr. McCabe's opinion, and this error is harmful because had the opinion been given proper weight the Decedent's RFC would have included psychological limitations not addressed in the RFC determination made by the ALJ.

### B.     Melanie Mitchell, Psy.D.

On November 13, 2015, Dr. Mitchell completed a Review of Medical Evidence for DSHS. She reviewed Dr. McCabe's opinion and concluded that the narrative supports the functional limitations reported and that the impairment would last 24 months with "very poor prognosis for gainful employment and likely need for long-term resources." AR 475. The ALJ failed to discuss Dr. Mitchell's opinion. AR 24-25.

"The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." Social Security Ruling (S.S.R.) 96-8p. Therefore, the ALJ's failure to discuss the opinion was also a harmful error.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 13

### 3. Credit-As-True Rule

The Court has found that the ALJ harmfully erred in the treatment of the opinions of Dr. McCabe and Dr. Mitchell. Therefore, the questions because the most appropriate remedy in this case considering the claimant is deceased. Plaintiff requests that the Court apply the credit-as-true rule and remand the case for an immediate award of benefits. ECF No. 11 at 21. Defendant argues that a remand for additional proceedings would be the most appropriate outcome. ECF No. 12 at 20-21.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Reversing and awarding benefits is appropriate when (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court remands for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated,

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 14

remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

Plaintiff argues that since the Decedent has passed away there is no further evidence to develop and there are no outstanding issues. ECF No. 11 at 21. However, the step one determination in the ALJ's decision identifies an unresolved issue that must be addressed before a finding of disability can be made:

> The claimant worked after the alleged disability onset date but this work activity did not rise to the level of substantial gainful activity. He had earnings of $3,561 in the second quarter of 2017 from T and L Trees Corporation (15D). His earnings were above the level of substantial gainful activity, but as the claimant was unable to testify about why this job ended, impairment related work expenses, and/or special work conditions, the undersigned finds that his work was not substantial gainful activity. Further development of the issue of work activity is unnecessary, as the claimant is found not disabled at Step 5 of the sequential evaluation process, and new evidence of work after the alleged onset of disability would not change the decisional outcome.

AR 17-18. Therefore, the ALJ's step one finding that Plaintiff had not engaged in substantial gainful activity since the amended onset date was contingent on the claim being denied at step five. If Dr. McCabe's opinion were credit as true, the Decedent's earnings would continue be an issue that would have to be resolved before benefits could be awarded. As such, the Court remands the ALJ's decision to develop the record to resolve the outstanding issue of the Decedent's earnings. The Court recognizes that a new hearing may not be necessary to develop the record to resolve this issue. But earnings records and evidence of accommodations

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 15

and why the job ended can be requested of the Decedent's 2017 employer. This will allow the ALJ to make a determination as to whether the work amounted to an unsuccessful work attempt under 20 C.F.R. §§ 404.1574, 416.974. Therefore, remand in the most appropriate resolution of this case.

**B.      Plaintiff's Remaining Challenges**

Since this case is being remanded based on the ALJ's errors in addressing the opinions of Dr. McCabe and Dr. Mitchell, the ALJ will also address Plaintiff's remaining challenges on remand. This includes, readdressing the opinion of Rebecca Nelson, ARNP and the State agency sources, readdressing the evidence provided by Plaintiff, readdressing the Decedent's symptom statements, and making a new step five determination.

Following a re-evaluation of the medical opinions and the testimony of Plaintiff and the Decedent, a new RFC determination will be made and trigger the need for new determinations at steps four and five. Plaintiff's challenge of the step five determination includes a challenge to the testimony of the vocational expert based on inconsistencies between his testimony and the Dictionary of Occupational Titles. ECF No. 14-16. As part of a step five determination, the ALJ will elicit testimony from a vocational expert through a forum that will allow Plaintiff's counsel to cross-examine the expert. This can include interrogatories and/or a supplemental hearing.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 16

## VIII.  Conclusion

In this case, the ALJ must develop the record to resolve the outstanding issue of Plaintiff's work activity at step one.  Additionally, the ALJ must properly address the medical opinions from Dr. McCabe, Dr. Mitchell, and Nurse Nelson.  The ALJ will further re-evaluate the statements made by Plaintiff and the symptom statements of the Decedent.  As part of this re-evaluation of the evidence, the ALJ will need to make a new RFC determination, which triggers new determinations at steps four and five.  As part of any step five determination, testimony will be taken from a vocational expert and Plaintiff's counsel will be given the opportunity to cross examine the expert.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11,** is **GRANTED, in part.**

2. Defendant's Motion for Summary Judgment, **ECF No. 12,** is **DENIED.**

3. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order.

///

///

///

///

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 17

4. Judgment shall be entered in favor of **Plaintiff** and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** March 25, 2021.

                          *s/ Robert H. Whaley*
                          ROBERT H. WHALEY
                       Senior United States District Judge